IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-22395-FAM

|  |  |  |
|---|---|---|
| MICHELLE FENDEL, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| INMARSAT PLC, INMARSAT INC., and ANDREW J. SUKAWATY, | ) ) ) ) | Removed from the Circuit Court in and for the 11th Judicial Circuit for Miami-Dade County, |
| Defendants. | ) ) | No. 11-19912-A-15 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff Michelle Fendel's motion to remand dooms her claims in this or any other Court. She seeks declaratory and injunctive relief, purportedly under Florida state law, "on the grounds that Defendants' conduct violates federal statutes, namely: 18 U.S.C. § 2339A and 2339B." Memorandum in Support of Plaintiff's Motion to Remand ("Pl.'s Mem.") at 5. A case "arises under" federal law for purposes of removal jurisdiction, however, where, as here, "'the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Plaintiff seeks a judicial declaration that defendants have violated *federal* statutes governing material support for terrorism. *See* Compl., ¶¶ 21, 27 (alleging that "Inmarsat's provision of satellite communications services to the Flotilla ships constitutes a violation of 18 U.S.C. §§ 2339A and 2339B"). That she purports to seek declaratory and injunctive remedies

under state law does not change the federal character of her claims. *See, e.g., Texas First Nat'l Bank v. Wu,* 347 F. Supp. 2d 389, 394-95 (S.D. Tex. 2004) (the "character" of a declaratory judgment action "is federal in nature" where it "is expressly based on violations of" a federal statute). The action is thus removable under 28 U.S.C. § 1441(a).

At the same time, plaintiff admits that she lacks Article III standing to pursue her claims in federal court. Pl.'s Mem. at 4 & n.1 (noting "the absence of federal standing"). Defendants agree that she cannot demonstrate a concrete, non-hypothetical injury-in-fact that is fairly traceable to defendants' alleged conduct. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). She thus has failed to state a claim that is cognizable in federal court.

Plaintiff's inability to satisfy Article III standing requirements ends her case. She argues that the proper remedy in these circumstances is to remand the case to state court, where she might be able to satisfy less rigid standing requirements under Florida law. Pl.'s Mem. at 4 & n.1. But federal district courts have *exclusive* jurisdiction over claims for violation of the federal anti-terrorism laws, including the material support provisions. *See* 18 U.S.C. § 2338. Thus, there is nothing left to remand. Because plaintiff fails to satisfy Article III justiciability requirements with respect to a claim within the exclusive jurisdiction of a federal court, the case must be dismissed. *See, e.g, Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208 (S.D. Cal. 2003) (dismissing claim for lack of standing, where district court had exclusive jurisdiction over actions brought under federal statute).

## BACKGROUND

Defendant Inmarsat plc is a public company based in London, England. Together with its subsidiaries (collectively "Inmarsat"), Inmarsat plc provides global satellite communications services. It was founded in 1979 as the International Maritime Satellite Organization, an non-profit, intergovernmental organization established by United Nations Convention "to make provision for the space segment necessary for improving maritime communications, thereby assisting in improving distress and safety of life at sea communications, efficiency and management of ships, maritime public correspondence services and radio determination capabilities." *See* Convention on the International Maritime Satellite Organization (INMARSAT), art. 3(1).[1] Its services were required to be made available for the "benefit of ships of all nations." *Id.,* Preamble.

In 1999, the intergovernmental organization was privatized, creating Inmarsat. As a condition to its privatization, Inmarsat was required to continue its "public service obligations" to "ensure the continuity of maritime satellite distress and safety communications services" for the Global Maritime Distress and Safety System ("GMDSS") established by the U.N. *See* Public Services Agreement Between the International Mobile Satellite Organization, Inmarsat One LTD and Inmarsat Two Company, § 2.1.1.[2] These obligations include the provision of ship-to-shore, shore-to-ship, and ship-to-ship distress alerts, and search and rescue coordinating communications for all ships "without discrimination on the basis of nationality." *Id.* § 2.2. In

---

[1] Entered into force July 16, 1979. Original text at http://www.islandone.org/Treaties/BH688.html. The current, operative version of the Convention, as amended, is available at http://www.imso.org/Basic_Documents.asp (last visited Aug. 22, 2011).

[2] Available at http://www.imso.org/pdfs/Public/Basic%20Documents/Public%20Services%20Agreement/P%20-%20Public%20Services%20Agreement%20-%20English.pdf (last visited Aug. 22, 2011).

turn, all cargo and passenger ships above a certain tonnage must carry a terminal for GMDSS.[3] Inmarsat is the sole satellite provider of GMDSS.

On June 27, 2011, plaintiff sued Inmarsat plc, its Chairman Andrew Sukawaty and a U.S.-based subsidiary Inmarsat, Inc. in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida (General Jurisdiction Division). *Fendel v. Inmarsat plc et al.*, No. 11-19912-A-15 (filed June 27, 2011). On July 1, 2011, defendants removed the case under 18 U.S.C. § 1446(b) on the basis of federal question jurisdiction.

Plaintiff's complaint seeks declaratory and injunctive relief for alleged violations of 18 U.S.C. §§ 2339A and 2339B in connection with Inmarsat's alleged provision of emergency satellite communications services to unspecified vessels alleged to have been involved in a recent failed flotilla to the Gaza Strip. *See* Compl., Counts I and II. Plaintiff alleges "upon information and belief" that defendants provide satellite communications services to ships that it asserts will be used to "breach Israel's [maritime] blockade [on the Gaza Strip] and to support Hamas-controlled government in the Gaza Strip." *Id.* ¶¶ 10-12. The Complaint lacks any allegations that the ships at issue are owned or controlled by terrorist organizations. Nevertheless, without further explanation, plaintiff contends that defendants' "provision of satellite communications services to the Flotilla Ships directly enables and facilitates the Flotilla Ships' efforts to provide material support to Hamas . . . ." *Id.* ¶ 15. Plaintiff asserts that the provision of these communications services to the flotilla ships "constitutes a violation of §§ 2339A and 2339B." *Id.* ¶¶ 21, 27.

Plaintiff's motion contains allegations not found in the Complaint. Specifically, the motion focuses on the *Mavi Marmara*, a Comoros-flagged vessel. To the extent that plaintiff

---

[3] *See* International Convention for Safety of Life at Sea, Chapter 4, reprinted at http://www.derechomaritimo.info/c-solas1974.htm (last visited Aug. 22, 2011).

- 4 -

suggests that the *Mavi Marmara* is part of recent attempts to breach Israel's Gaza blockade in 2011, public news reports contradict those allegations. The *Financial Times* and other media outlets reported in June 2011 that the *Mavi Marmara* was not part of the recent, failed efforts to breach the blockade.[4] Recent media reports also indicate that the so-called 2011 Gaza Flotilla – the subject of plaintiff's motion – has failed, after one small boat was intercepted by the Israeli Navy and others were detained in foreign ports.[5]

## ARGUMENT

### I. Exclusive Jurisdiction over Plaintiff's Claims for Violations of Federal Antiterrorism Statutes Lies in U.S. District Court

Plaintiff seeks both declaratory and injunctive relief on the grounds that "the provision of satellite communications services by Inmarsat to the Flotilla ships constitutes a violation of [18 U.S.C.] §§ 2339A and 2339B." Compl. ¶¶ 21, 27. Stripped of the "material support" provisions of Sections 2339A and 2339B, plaintiff's complaint lacks legal substance. By her own account, she seeks relief "on the grounds that Defendants' conduct violates federal statutes." Pl.'s Mem. at 5. Plaintiff's claim thus raises a federal question.

The Supreme Court has explained the two ways a case can "arise under" federal law for purposes of federal question jurisdiction. *Merrell Dow,* 478 U.S. at 808. First, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.* Plaintiff here seeks direct relief

---

[4] *See* Tobias Buck, "Turkish flagship pulls out of Gaza flotilla," *Financial Times* (June 17, 2011), reprinted at http://www.ft.com/cms/s/0/ec4ab2dc-98eb-11e0-bd66-00144feab49a.html (last visited Aug. 22, 2011).

[5] *See, e.g.,* Sherry Frenkel, "Gaza Aid Flotilla Fizzles," McLatchy Newspapers (July 20, 2011), reprinted at http://www.denverpost.com/nationworld/ci_18510631 (last visited Aug. 22, 2011); *see also* Harriet Sherwood, "Israel Intercepts Gaza Flotilla's Last Boat," *The Guardian* (July 19, 2011), reprinted at http://www.guardian.co.uk/world/2011/jul/19/gaza-flotilla-last-boat-intercepted (last visited Aug. 22, 2011).

under two federal anti-terrorism statutes, 18 U.S.C. §§ 2339A and 2339B.  She claims that her causes of action arise under state law because she seeks state declaratory relief under the Florida Declaratory Judgment Act, along with equitable relief under state law.  But Florida's Declaratory Judgment "is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights."  *See Garden-Aire Village South Condo. Ass'n v. QBE Ins. Corp.*, No. 10-61985-CIV, 2011 WL 1184737, at *2 (S.D. Fla. Mar. 31, 2011); *see also Garner v. De Soto Ranch, Inc.*, 150 So. 2d 493, 495 (Fla. Dist. Ct. App. 1963) (declaratory judgment act "is remedial").  It is thus federal, not state, law that creates the cause of action here.

But even assuming that Florida law creates plaintiff's cause of action, the complaint still raises a federal question under *Merrell Dow's* second category of federal question cases.  State law claims "may arise under federal law" where "the vindication of a right under state law necessarily turned on some construction of federal law."  478 U.S. at 808-09 (citations omitted); *see also Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action").  Here, plaintiff's claims for state declaratory and injunctive relief have no independent substance.  Declaratory and injunctive relief is only the state *remedy* sought for a violation of *federal law* – the material support prohibitions in 18 U.S.C. §§ 2339A and 2339B.  Pl.'s Mem. at 5 ("The Complaint plainly seeks <u>state law</u> *remedies* . . . on the grounds that Defendants' conduct violates federal statutes") (italic emphasis added).  Thus, "the character of

the declaratory judgment that Plaintiff[] seek[s] is federal in nature because it is expressly based on alleged violations" of federal law.[6]

The strongest indication that a federal question is presented here is found in the federal statute itself. *See Merrell Dow*, 478 U.S. at 810 ("determinations about federal jurisdiction require sensitive judgments about congressional intent . . . ."). 18 U.S.C. § 2338 vests *exclusive* jurisdiction "over an action brought under this chapter [Chapter 113B of 18 U.S.C.]" in the U.S. District Courts. Both Sections 2339A and 2339B are found in Chapter 113B, which sets forth criminal and civil remedies for acts of terrorism.[7] Plaintiff cannot circumvent that exclusive jurisdiction by reframing its claim for relief for violation of the federal statutes as state law claims for declaratory and injunctive relief; otherwise, the exclusive jurisdiction provision would be meaningless.[8] Plaintiff's complaint thus raises a federal question, removable to this Court.

---

[6] *Wu*, 347 F. Supp. 2d at 396 (federal question arises where state law declaration sought regarding violation of federal statute); *see also Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 345 (4th Cir. 1983) (state court declaratory judgment action removable to federal court where "character of the threatened action" is federal in nature); *Jenkins Bros. v. Local 5623, United Steelworkers of Am.*, 230 F. Supp. 871, 872 (D. Conn. 1964) (action to arbitrate pursuant to collective bargaining agreement was removable "whether the complaint be construed as seeking an injunction . . . or a declaratory judgment" under state law).

[7] Section 2339A was added to the antiterrorism chapter of the criminal code by Public L. 103-322, Title XIII, § 120005, 108 Stat. 2022 (Sept. 13, 1994). At the time, the current Chapter 113B ("Terrorism") was designated as Chapter 113A. *See* Pub. Law 102-572, § 2338, 106 Stat. 4524 (Oct. 29, 1992). It was redesignated as Chapter 113B when Congress enacted criminal provisions addressing telemarketing fraud. *See* 108 Stat. 2082. When 2339B was added to the U.S. Code in 1996, it amended what is now Chapter 113B. See Pub. Law. 104-132, § 303, 110 Stat. 1214, 1250 (Apr. 24, 1996).

[8] *See Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363-64 (D.C. Cir. 1993) (parties "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction"); *Consol. Edison Co. of N.Y. v. United States*, 247 F.3d 1378, 1385 (Fed. Cir. 2001) ("[a] party may not circumvent the Claims Court's exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain money from the United States"); *Kimbro v. Pepsico, Inc.*, 215 F.3d 723, 725 (7th Cir. 2000) (employee under collective bargaining agreement may not "recharacterize his claim [for breach of the agreement] as one of tort law in order to circumvent

## II. Plaintiff's Admission that She Lacks Article III Standing Requires Dismissal of the Complaint

Plaintiff further argues that the remand "is mandatory" here because the Complaint fails to establish standing under Article III. Defendants do not dispute the "absence of federal standing" in this case. *See* Pl.'s Mem. at 4 n.1. The civil remedy provision of the federal antiterrorism laws, 18 U.S.C. § 2333, permits recovery for any U.S. national "*injured* in his or her person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a) (emphasis added). Tellingly, plaintiff does not invoke this civil remedy because she cannot demonstrate any actual injury "to her person, property or business" stemming from Inmarsat's alleged provision of satellite communications services in this case.[9] The absence of "injury-in-fact" and traceability – two aspects of the "irreducible constitutional minimum" of Article III standing, *see Lujan*, 504 U.S. at 560-61 – deprive this Court of jurisdiction.

The only question remaining is the appropriate remedy. Plaintiff argues that remand to state court is required because she might be able to satisfy less demanding state standing requirements. But none of the cases she cites involves a claim implicating the exclusive jurisdiction of the federal courts. Here, Congress has expressly foreclosed state court adjudication of plaintiff's claims for violation of the federal material support statutes by vesting

---

the exclusive jurisdiction of federal law over claims for breach of a collective bargaining agreement"); *Vaughter v. Eastern Air Lines, Inc.*, 619 F. Supp. 463, 470 n.14 (S.D. Fla. 1985) (plaintiff cannot circumvent exclusive jurisdiction of the Railway Labor Act by pleading claims under state common law).

[9] Neither 18 U.S.C. § 2339A nor 18 U.S.C. § 2339B provide a private right of action for violation of their prohibitions. *See Linde v. Arab Bank, PLC*, 353 F. Supp. 2d 327, 331 (E.D.N.Y. 2004) ("This scheme does not include private actions for injunctive relief, and none will be implied."); Charles Doyle, *Terrorist Material Support: A Sketch of 18 U.S.C. 2339A and 2339B*, Congressional Research Service Report for Congress at 8 (July 19, 2010) ("[W]e note that neither Section 2339B nor Section 2339A creates a private civil cause of action . . . ."). Thus, if enforceable at all by private citizens, the only remedy is found in the civil remedy provisions of 18 U.S.C. § 2333.

exclusive jurisdiction in the federal district courts. 18 U.S.C. § 2338. Her claims must be heard in federal court – or nowhere. Remand in thus circumstances would not only be pointless, it would also contravene federal law.

In similar circumstances, courts have dismissed, rather than remanded, claims subject to exclusive federal court jurisdiction where those claims are non-justiciable. *See Herman*, 266 F. Supp. 2d at 1213 (denying remand and granting dismissal where plaintiff failed to demonstrate standing with respect to claims subject to exclusive federal court jurisdiction); *Express Tel. Servs. Inc. v. Sw. Bell Tel. Co.*, No. 3:02-cv-1082-M, 2002 WL 32360295, at **5-6 (N.D. Tex. Oct. 16, 2002) (denying remand and granting dismissal where federal district court had exclusive jurisdiction to review state public utility commission rulings, but commission decision was not yet ripe for review); *see also McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.*, No. 4:08-CV-160, 2008 WL 3852704, at *4 n.3 (E.D. Tex. Aug. 14, 2008) ("some courts have noted that dismissal is the proper remedy where federal courts have exclusive jurisdiction over the subject matter").[10]

In *Herman*, the plaintiff in a case removed under a federal statute that established exclusive federal court jurisdiction over certain securities claims admitted that he lacked standing. 266 F. Supp. 2d at 1209-10. The plaintiff moved to remand the case given the lack of subject matter jurisdiction. *Id.* Defendants argued that the case must instead be dismissed "because Plaintiff cannot litigate [the] case in either federal or state court" as a result of the admitted lack of standing, coupled with the exclusive federal jurisdiction provision. *Id.* at 210.

---

[10] The Supreme Court has taken the same approach where state jurisdiction is found lacking in cases removed to federal court under the Securities Litigation Uniform Standards Act of 1988. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006). The Court treats a motion to remand "as posing a jurisdictional issue" under that statute. *Id.* at 644. If the removed action is precluded under the statute, "neither the district court nor the state court may entertain it, *and the proper course is to dismiss.*" *Id.* (emphasis added).

The court agreed with defendants, dismissing the case, rather than remanding to state court. *Id.* at 1213 ("Because federal courts maintain exclusive jurisdiction over Plaintiff's . . . claims, and Plaintiff lacks Article III standing, the Court GRANTS Defendants' Motion to Dismiss."); *see also Express Tel. Servs.*, 2002 WL 32360295 at *6 (case dismissed, rather than remanded, where "jurisdiction of this dispute would never be proper in state court").[11]

The same result follows here. Plaintiff lacks standing to proceed in federal court, yet cannot proceed in state court as a result of Section 2338's exclusive jurisdiction provision. The case must be dismissed.

## **CONCLUSION**

The parties have agreed that Inmarsat will wait until disposition of this remand motion to file a motion to dismiss under Fed. R. Civ. P 12(b), but there is now no reason for this Court to wait for the filing of such a motion. *See AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) ("we are obliged to consider standing sua sponte even if the parties have not raised the issue"); *Howard v. Lemmons,* 547 F.2d 290, 290 n.1 (5th Cir. 1977) ("there is no doubt that the District Court could dismiss the plaintiff's

---

[11] *University of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999), cited by plaintiff (Pl.'s Mem. at 5 n.1), is inapposite here. There, the court held that a federal court should remand a case, rather than dismiss it, where subject matter jurisdiction was lacking and the concurrent consideration of a pending dismissal notice would require the resolution of a "unique and complicated question of state law." *Id.* at 412. The court noted, in *dicta*, that remand for lack of subject matter jurisdiction is "mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Id.* at 410. But that *dicta* related to circumstances where a claim of futility is based on *state law*, as where a defendant argues that a plaintiff would also lack standing under state law if the case were remanded. *See id.* at 412 (citing *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87-89 (1991)). Indeed, *American Tobacco* warns that a dismissal by the federal court prior to a state court's resolution of the antecedent state law questions would "unconstitutionally invade[] the powers reserved to states to determine controversies in their own courts." 168 F.3d at 409-10. Where, however, Congress has already determined that states have no authority to adjudicate a particular controversy arising under a federal statute, the federalism concerns discussed in *American Tobacco* do not arise, and dismissal effectuates Congressional intent.

action sua sponte for failure of federal jurisdiction . . .").[12] Given plaintiff's admission regarding her lack of standing, plaintiff's claims cannot proceed in federal court. At the same time, given this Court's exclusive jurisdiction over claims arising under the federal "material support" statutes, the claims cannot proceed in Florida state court either. The Court should deny the motion to remand and dismiss the Complaint with prejudice.

Respectfully submitted,

/s   Matias R. Dorta
**MATIAS R. DORTA**
(Florida Bar No. 770817)
MRD@Tewlaw.com
**TEW CARDENAS LLP**
*Counsel for Defendants*
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116

**ALFRED M. MAMLET** (admitted *pro hac vice*)
amamlet@steptoe.com
**SHANNEN W. COFFIN** (admitted *pro hac vice*)
scoffin@steptoe.com
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Dated: August 23, 2011                **COUNSEL FOR DEFENDANTS**

---

[12] To the extent this Court construes this suggestion as a motion to dismiss under Fed. R. Civ. P. 12(b)(1), defendants expressly reserve all other defenses, including lack of personal jurisdiction and failure to state a claim upon which relief can be granted and will file their responsive pleading addressing any such defenses within the 30-day period agreed to by the parties in their joint motion filed July 12, 2011 (Dkt # 5).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Remand was served via cm/ecf electronic mail, on August 23, 2011, on all counsel or parties of record on the service list.

/s Matias R. Dorta
MATIAS R. DORTA

## SERVICE LIST

Isaac M. Jaroslawicz, Esq.
Isaac@MyLawyerIsaac.com
Jaroslawicz Law Offices
1177 Kane Concourse, #222
Bay Harbor Islands, Florida  33154
*Attorneys for Plaintiff*